UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO.: 1:19-cv-20357

MARGARITA MEDINA and
PEDRO MEDINA,

    Plaintiffs
v.

CALEB E. BOWEN;
and THE UNITED STATES OF AMERICA,

    Defendants.
_____/

## COMPLAINT

The Plaintiffs, MARGARITA MEDINA and MEDRO MEDINA, citizens of the State of Florida, file suit against the Defendants, CALEB E. BOWEN and THE UNITED STATES OF AMERICA and state the following:

**I.**     **STATEMENTS OF JURISDICTION, VENUE, AND APPLICABLE LAW (UNITED STATES)**

1. CALEB E. BOWEN was an employee of the United States of America, Department of Homeland Security United States Coast Guard at the time of the motor vehicle crash which occurred on March 18, 2016.

2. At all material times, CALEB E. BOWEN, worked for the United States of America, Department of Homeland Security United States Coast Guard.

3. At all material times, CALEB E. BOWEN, was acting within the course and scope of his employment with the United States of America, Department of Homeland Security United States Coast Guard.

4. The Plaintiffs' actions against the United States of America for money damages arise under the Federal Tort Claims Act, 28 U.S.C. §1346(b), 28 U.S.C. §2401 and 28 U.S.C.

§§2671- 2680. (hereinafter "FTCA").

5. The Plaintiffs have complied with the pre-suit requirements for filing a lawsuit pursuant to the FTCA:

   A. By timely presenting their administrative claims to the United States of America, Department of Homeland Security United States Coast Guard for MARGARITA MEDINA and PEDRO MEDINA on February 7, 2018 (Attached as Exhibit "A" and "B") which were received by the United States of America, Department of Homeland Security United States Coast Guard on February 9, 2018. (Attached hereto as Exhibits "C" and "D").

   B. Having received denials of their claims from the United States of America, Department of Homeland Security United States Coast Guard, on March 23, 2018. (Attached hereto as Exhibit "E").

   C. By timely filing a request for reconsideration on June 7, 2018. (Attached hereto as Exhibit "F".)

   D. Defendant failing to make disposition of the claim within six (6) months after receipt.

6. The Plaintiffs reside in North Miami Beach, Miami-Dade County, Florida.

7. The acts or omissions giving rise to the Plaintiffs' claims occurred in North Miami, Miami-Dade County, Florida.

8. The substantive law of the place where the acts or omissions giving rise to the Plaintiffs' claims occurred is the law of the State of Florida.

9. At the time of the subject motor vehicle crash and at all material times, the Plaintiffs were and are legally married to each other.

II. **STATEMENTS OF JURISDICTION, VENUE, AND APPLICABLE LAW (CALEB E. BOWEN)**

10. The action of MARGARITA MEDINA against CALEB E. BOWEN is for money damages in excess of $75,000.00, exclusive of costs and fees.

11. The action of PEDRO MEDINA against CALEB E. BOWEN is for money damages in excess of $75,000.00, exclusive of costs and fees.

12. The Plaintiffs are residents of North Miami Beach, Miami-Dade County, Florida.

13. CALEB E. BOWEN was a resident of the State of Georgia at the time of the subject crash.

14. The acts or omissions giving rise to the Plaintiffs' claims occurred in North Miami Beach, Miami-Dade County, Florida.

15. The substantive law of the place where the acts or omissions giving rise to the Plaintiffs' claims occurred is the law of the State of Florida.

16. At all material times, the Plaintiffs were and are legally married to each other.

### III. COUNT ONE – MARGARITA MEDINA v. UNITED STATES OF AMERICA

17. Pursuant to Rule 10(b), FED. R. CIV. P., Plaintiff, MARGARITA MEDINA, realleges paragraphs 1-9 as though fully pled herein.

18. On or about March 18, 2016, CALEB E. BOWEN operated a motor vehicle on 135th Street Northwest near 5th Avenue Northwest, in North Miami, Miami-Dade County, Florida.

19. CALEB E. BOWEN owed others, including MARGARITA MEDINA, a duty to exercise reasonable care in the operation and/or maintenance of a motor vehicle to avoid foreseeable injury.

20. CALEB E. BOWEN breached his duty of reasonable care by negligently operating and/or maintaining the motor vehicle he was driving at the time of the subject motor vehicle crash and struck the vehicle in which the Plaintiff, MARGARITA MEDINA, was driving.

21. The negligence of CALEB E. BOWEN caused injury to MARGARITA MEDINA.

Case 1:19-cv-20357-KMW   Document 1   Entered on FLSD Docket 01/25/2019   Page 4 of 7
*Medina v Bowen and USA*
*Complaint*
*Page 4 of 7*

22. CALEB E. BOWEN knew, or in the exercise of reasonable care should have known, that the negligent operation and/or maintenance of the motor vehicle he was driving could cause injury to others, including MARGARITA MEDINA.

23. As a direct and proximate result of the negligence of CALEB E. BOWEN, MARGARITA MEDINA suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity to enjoy life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, in the past, and aggravation of a previously existing condition.

WHEREFORE, MARGARITA MEDINA, demands judgment against the UNITED STATES OF AMERICA, in excess of $75,000.00, together with costs of this action, as well as any other relief this Court deems just and proper.

**IV.   COUNT TWO – MARGARITA MEDINA v. CALEB E. BOWEN**

24. Pursuant to Rule 10(b), FED. R. CIV. P., MARGARITA MEDINA realleges paragraphs 10-16 as though fully pled in herein.

25. On or about March 18, 2016, CALEB E. BOWEN operated a motor vehicle on Interstate 135th Street Northwest near 5th Avenue Northwest, in North Miami, Miami-Dade County, Florida.

26. CALEB E. BOWEN owed others, including, MARGARITA MEDINA, a duty to exercise reasonable care in the operation and/or maintenance of a motor vehicle to avoid foreseeable injury.

27. CALEB E. BOWEN breached his duty of reasonable care by negligently operating and/or maintaining the motor vehicle he was driving at the time of the subject motor vehicle crash and struck the vehicle in which the Plaintiff, MARGARITA MEDINA, was driving.

28. The negligence of CALEB E. BOWEN caused injury to MARGARITA MEDINA.

29. CALEB E. BOWEN knew, or in the exercise of reasonable care should have known, that the negligent operation and/or maintenance of the motor vehicle he was driving could cause injury to others, including MARGARITA MEDINA.

30. As a direct and proximate result of the negligence of CALEB E. BOWEN, MARGARITA MEDINA suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity to enjoy life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, in the past, and aggravation of a previously existing condition.

WHEREFORE, MARGARITA MEDINA, demands judgment against CALEB E. BOWEN, in excess of $75,000.00, together with costs of this action, as well as any other relief this Court deems just and proper.

V. **COUNT THREE – PEDRO MEDINA v. UNITED STATES OF AMERICA**

31. Pursuant to Rule 10(b), FED. R. CIV. P., Plaintiff, PEDRO MEDINA, realleges paragraphs 1-9 as though fully pled herein.

32. On or about March 18, 2016, CALEB E. BOWEN operated a motor vehicle on 135th Street Northwest near 5th Avenue Northwest, in North Miami, Miami-Dade County, Florida.

33. CALEB E. BOWEN owed others, including PEDRO MEDINA, a duty to exercise reasonable care in the operation and/or maintenance of a motor vehicle to avoid foreseeable injury.

34. CALEB E. BOWEN breached his duty of reasonable care by negligently operating and/or maintaining the motor vehicle he was driving at the time of the subject motor vehicle crash and struck the vehicle in which the Plaintiff, PEDRO MEDINA, was a passenger in.

35. The negligence of CALEB E. BOWEN caused injury to PEDRO MEDINA.

36. CALEB E. BOWEN knew, or in the exercise of reasonable care should have known, that the negligent operation and/or maintenance of the motor vehicle he was driving could cause

injury to others, including PEDRO MEDINA.

37.  As a direct and proximate result of the negligence of CALEB E. BOWEN, PEDRO MEDINA suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity to enjoy life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, in the past, and aggravation of a previously existing condition.

WHEREFORE, PEDRO MEDINA, demands judgment against the UNITED STATES OF AMERICA, in excess of $75,000.00, together with costs of this action, as well as any other relief this Court deems just and proper.

**VI.   COUNT FOUR – PEDRO MEDINA v. CALEB E. BOWEN**

38.  Pursuant to Rule 10(b), FED. R. CIV. P., PEDRO MEDINA realleges paragraphs 10-16 as though fully pled in herein.

39.  On or about March 18, 2016, CALEB E. BOWEN operated a motor vehicle on Interstate 135th Street Northwest near 5th Avenue Northwest, in North Miami, Miami-Dade County, Florida.

40.  CALEB E. BOWEN owed others, including, PEDRO MEDINA, a duty to exercise reasonable care in the operation and/or maintenance of a motor vehicle to avoid foreseeable injury.

41.  CALEB E. BOWEN breached his duty of reasonable care by negligently operating and/or maintaining the motor vehicle he was driving at the time of the subject motor vehicle crash and struck the vehicle in which the Plaintiff, PEDRO MEDINA, was a passenger in.

42.  The negligence of CALEB E. BOWEN caused injury to PEDRO MEDINA.

43.  CALEB E. BOWEN knew, or in the exercise of reasonable care should have known, that the negligent operation and/or maintenance of the motor vehicle he was driving could cause injury to others, including PEDRO MEDINA.

44. As a direct and proximate result of the negligence of CALEB E. BOWEN, PEDRO MEDINA suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity to enjoy life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, in the past, and aggravation of a previously existing condition.

WHEREFORE, PEDRO MEDINA, demands judgment against CALEB E. BOWEN, in excess of $75,000.00, together with costs of this action, as well as any other relief this Court deems just and proper.

Respectfully submitted,

_____
Adam M. Balkan
Florida Bar No.: 0044880
BALKAN & PATTERSON, LLP
1877 S Federal Highway, Suite 100
Boca Raton, FL 33432
Telephone:   (561) 750-9191
Facsimile:    (561) 750-1574
adam@balkanpatterson.com
tiffany@balkanpatterson.com
efile@balkanpatterson.com

Attorneys for Plaintiffs